IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BURNS & RUSSELL CO. of BALTIMORE, et al,  :
   Plaintiffs                                   :
                                              :
                 v.                               :    CIV. NO. AMD 00-3019

OLDCASTLE, INC., et al.,             :
   Defendants                               :

...oOo...

ORDER

I have read and considered plaintiffs' motion for reconsideration and request to transfer venue, together with the opposition thereto. In my judgment, no compelling showing, indeed, no *proper* showing, has been made under Fed.R.Civ.P. 59(e) for modification of the May 2, 2002, Order, dismissing this case without prejudice for lack of jurisdiction as to defendant Oldcastle, Inc. "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances . . . ." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). As for the belated request for a transfer of venue, there is nothing whatsoever in the record of these proceedings, assuming I have such authority, to persuade me to exercise my discretion to transfer this case. Plaintiffs' obsessive preoccupation with litigating this case in this district-- in the face of abundant evidence that personal jurisdiction over plaintiffs' preferred defendant was not available-- is wholly inexplicable. Morever, from the very commencement of this case, when plaintiffs cavalierly instructed the clerk to withhold issuance of summons, plaintiffs have displayed a distorted view of their obligations to their adversaries and to this court to assist in managing complex litigation sensibly and efficiently to reduce costs and to expedite the proceedings. This court is entitled to expect more and plaintiffs should not be rewarded with an eleventh hour transfer of venue.

Accordingly, the motion for reconsideration is DENIED this 28th day of August, 2002.

The Clerk shall TRANSMIT a copy of this Order to the attorneys of record.

ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE